**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

UNITED STATES OF AMERICA     *
                             *
      v.                    *            CR 113-220
                             *
HUBER ROMERO              *

---

**O R D E R**

---

Before the Court are Defendant's petitions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docs. 517, 518, 520.) On June 19, 2014, Defendant pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine (actual). (Doc. 306.) Defendant received a 270-month prison sentence. (J., Doc. 351, at 2.) On September 9, 2015, the Court reduced Defendant's sentence, pursuant to 18 U.S.C. § 3582(c)(2), from 270 months to 216 months. (Doc. 466.)

In 2018, Bureau of Prisons ("BOP") Health Services diagnosed Defendant with pelvic spindle sarcoma. (See Doc. 515-1.) In March 2019, Defendant moved for a reduction in sentence. (Doc. 515.) The Court denied Defendant's motion for failure to exhaust the requisite administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (Order, Doc. 516.) Defendant then filed the present motions.

Although the record contains differing opinions regarding Defendant's life expectancy, there is no question that Defendant's

cancer is terminal. In November 2018, Defendant received a life expectancy of "less than [twelve] months." (Doc. 517-2.) In July of this year, Defendant was given a life expectancy of six to nine months. (Doc. 517-1, at 2.) Defendant is confined to a wheelchair. (See id.) Defendant exhausted administrative remedies under 18 U.S.C. § 3582(c)(1)(A) (Doc. 517-5) and supplied a release plan pursuant to 28 C.F.R. § 571.61 (Pet. for Release, Doc. 517, at 6); therefore, the Court may consider the present motions.

To complicate matters, Defendant is not a United States citizen and is in the United States illegally. (Order, at 1.) As of March 2019, United States Immigration and Customs Enforcement ("ICE") showed no active detainer as to Defendant. (Doc. 517-8.) Defendant's proposed plan for release contemplates residing in Augusta, Georgia, with friends and family and sets forth a plan to pay for his medical care in Augusta. (Pet. for Release, at 6.) The Government opposes Defendant's release plan to the extent Defendant is released from BOP custody other than directly into ICE custody. (Opp'n to Pet. for Release, Doc. 521, at 7-9.)

Defendant satisfies the extraordinary and compelling justification for a sentence reduction. The United States Sentencing Guidelines advise that "extraordinary and compelling reasons" include occasions when "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an

2

end of life trajectory)." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, cmt. n.1 (U.S. SENTENCING COMM'N 2019). Upon due consideration, **IT IS HEREBY ORDERED** that Defendant's petition to reduce sentence (Doc. 517) is **GRANTED** and his sentence be reduced to **TIME SERVED**.[1] All other conditions imposed regarding Defendant's sentence are unaltered by this Order.[2] (See J.) In reaching its conclusion, the Court has considered the factors set forth in 18 U.S.C. §§ 3553(a) and 3142(g). See United States v. McDonald, No. CRIMINAL ACTION 10-00273-KD-B, 2016 WL 4923511, at *1 (S.D. Ala. Sept. 14, 2016).

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of October, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Because Defendant's other pending motions (Docs. 518, 520) request the same relief granted herein, those motions are **DENIED AS MOOT.**
[2] Additionally, nothing in this Order requires ICE to take any action or refrain from taking any action.